UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICROCHIP IDENTIFICATION SYSTEMS, INC.,<br>　　　　　　　　　Plaintiff,<br><br>versus<br><br>LAMBERT VET SUPPLY, LLC AND PET SUPPLIES 4 LESS, LLC,<br>　　　　　　　　　Defendants. | CIVIL ACTION NO. 15-06874<br><br>JUDGE A (ZAINEY)<br><br>MAGISTRATE 4 (ROBY) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

The defendants Lambert Vet Supply, LLC and Pet Supplies 4 Less, LLC, (collectively, "Defendants") hereby respond to the plaintiff Microchip Identification Systems, Inc.'s ("Plaintiff") original complaint (Dkt. No. 1) ("Complaint"). All allegations not expressly admitted are denied.

　　　1.　　Defendants are without sufficient information to admit or deny the allegations contained within paragraph 1 of the Complaint and therefore, deny them.

　　　2.　　Defendants admit the allegations contained within paragraph 2 of the Complaint.

　　　3.　　Defendants deny that Julie M. Katz is a member of Pet Supplies 4 Less. Defendants admit the remaining allegations contained within paragraph 3 of the Complaint.

　　　4.　　Defendants admit the allegations contained within paragraph 4 of the Complaint.

{N3197017.1}　　　　　　　　　　　　　　　1

5. Defendants admit the allegations contained within paragraph 5 of the Complaint.

6. Defendants admit the allegations contained within paragraph 6 of the Complaint.

7. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 7 of the Complaint, and therefore, deny them.

8. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 8 of the Complaint, and therefore, deny them.

9. Defendants deny that Microchip ID Systems brand has enjoyed a sterling industry reputation for the highest quality products and customer service. Defendants are without sufficient information to admit or deny the remaining allegations contained within paragraph 9 of the Complaint, and therefore, deny them.

10. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 10 of the Complaint, and therefore, deny them.

11. Defendants admit that Lambert Vet Supply and Pet Supplies 4 Less are sister companies both affiliated with Douglas Lambert. Defendants admit that both companies make use of website sales under the respective domain names www.lambertvetsupply.com and www.petsupplies4less.com. Defendants deny the remaining allegations contained within paragraph 11 of the Complaint.

12. Defendants admit that on or about November 22, 2010, Lambert Vet Supply executed a document entitled "Distributor Agreement" that was provided by Microchip Id. Systems, Inc. Defendant alleges that the distribution agreement referred to in paragraph 12 of the Complaint speaks for itself and denies paragraph 12 to the extent that it varies from the terms of said document.

13. Defendant alleges that the distributorship agreement referred to in paragraph 13 of the Complaint speaks for itself and denies paragraph 13 to the extent that it varies from the terms of said document.

14. Defendants admit that they began marketing and selling Plaintiff's product in late 2010, including through their respective websites. Defendants deny the remaining allegations contained within paragraph 14 of the Complaint.

15. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 15 of the Complaint, and therefore, deny them.

16. Defendants admit that they sold BartMed products and Plaintiff's products during the same time period. Defendants deny the remaining allegations contained within paragraph 16 of the Complaint.

17. Defendants admit that on or about September 23, 2015 they received written correspondence from Plaintiff. Defendant alleges that the notice referred to in paragraph 17 of the Complaint speaks for itself and denies paragraph 17 to the extent that it varies from the terms of said document. Defendant denies the remaining allegations contained within paragraph 17 of the Complaint.

18. Defendants deny the allegations contained within paragraph 18 of the Complaint.

19. Defendants deny the allegations contained within paragraph 19 of the Complaint.

20. Defendants deny the allegations contained within paragraph 20 of the Complaint.

21. Defendants deny the allegations contained within paragraph 21 of the Complaint.

22. Defendants deny the allegations contained within paragraph 22 of the Complaint.

23. Defendants deny the allegations contained within paragraph 23 of the Complaint.

24. Defendants deny the allegations contained within paragraph 24 of the Complaint.

25. Defendants deny the allegations contained within paragraph 25 of the Complaint.

26. Defendants deny the allegations contained within paragraph 26 of the Complaint.

27. Defendants deny the allegations contained within paragraph 27 of the Complaint.

28. Defendants deny the allegations contained within paragraph 28 of the Complaint.

29. Defendants deny the allegations contained within paragraph 29 of the Complaint.

30. Defendants deny the allegations contained within paragraph 30 of the Complaint.

31. Defendants deny the allegations contained within paragraph 31 of the Complaint.

32. Defendants deny the allegations contained within paragraph 32 of the Complaint.

33. Defendants deny that Plaintiff is entitled to the relief prayed for in paragraph 33 of the Complaint and further denies each and every allegation not expressly

admitted or modified, except to the extent that such allegations constitute admissions against Plaintiff's interests.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief may be granted.

2. One or more of Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred due to its failure to mitigate damages.

4. Plaintiff's claims are barred by the doctrines of waiver, acquiescence, laches, and/or estoppel.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff's claims are barred by the doctrines of ratification and/or accord and satisfaction.

7. Plaintiff's claims are barred by its failure to satisfy condition precedents and/or subsequent.

8. Plaintiff's claims are barred by the doctrines of fair use, nominative fair use, and/or descriptive use.

9. Plaintiff's claims are barred because any infringement, if any, was innocent.

10. Plaintiff's claims are barred by the doctrine of abandonment.

11. Plaintiff's claims are barred, in whole or in part, by the November 22, 2010, distribution agreement.

12. Defendants' use of the asserted marks was and is to truthfully identify Plaintiff's products.

13. Plaintiff lacks standing to allege infringement of U.S. Trademark Reg. No. 3,642,795 (the "MICROCHIP ID mark").

14. The MICROCHIP ID mark is generic, incorporates common and usual shapes and motifs, and therefore U.S. Trademark Reg. No. 3,642,795 should be canceled.

15. Pre-notice damages for alleged infringement of U.S. Trademark Reg. No. 3,642,795 are barred because the owner of the MICROCHIP ID mark failed to give notice required under 15 U.S.C. § 1111 that the mark was registered with the Patent and Trademark Office.

16. Plaintiff's asserted common law marks are descriptive, lack secondary meaning, and are not protectible.

WHEREFORE, Defendants pray for the following relief:

A. That Plaintiff take nothing by reason of her Complaint and that the Complaint be dismissed in its entirety with prejudice;

B. That this case be deemed exceptional and the Defendants be awarded their costs incurred in the defense of this action, including reasonable attorneys' fees allowed by law; and

C. That Defendants be awarded such additional relief as the Court may deem just and equitable.

                              Respectfully submitted,

                              */s/Micah Fincher*
                              COVERT J. GEARY (LA #14280)
                              MICAH FINCHER (LA #33830)
                              Jones Walker LLP
                              201 St. Charles Avenue, Suite 5100
                              New Orleans, Louisiana 70170-5100
                              Telephone: (504) 582-8000
                              Facsimile: (504) 589-8464
                              Email: cgeary@joneswalker.com
                                              mfincher@joneswalker.com

                              *and*

BERNARD F. MERONEY (LA #20522)
Jones Walker LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone:  (225) 248-2000
Facsimile:  (225) 248-2010
Email:  bmeroney@joneswalker.com

**Counsel for Defendants, Lambert Vet Supply, LLC and Pet Supplies 4 Less, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2016, a copy of the foregoing was filed electronically using the Court's CM/ECF system and served in accordance with the Federal Rules of Civil Procedure. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/Micah Fincher*